# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-306-FDW

| | |
|---|---|
| DASHAWN GERVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHRISTIAN HENDLEY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), and on Plaintiff's Motions for Default Judgment, (Doc. Nos. 9, 10). Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. No. 6).

## I. BACKGROUND

*Pro se* Plaintiff Dashawn Gervin, a North Carolina prisoner, filed this action pursuant to 42 U.S.C. § 1983. He is complaining about an incident that occurred at the Marion Correctional Institution on June 14, 2017. He names as Defendants NC DPS Director George T. Solomon, Marion C.I. Superintendent Hubert Corpening, and Marion C.I. officers Christian Hendley and B. Fisher.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff had just returned to Marion C.I. from a court visit on June 14, 2017, at approximately 4:45 PM when Defendants Hendley and Fischer arrived at the holding cell to escort him to his housing unit. Plaintiff complied with the order to turn around for handcuffing and immediately notified Defendant Hendley that the cuff was painfully tight, cutting into his wrist. Defendant Hendley told Plaintiff to turn around to have his other hand cuffed. Plaintiff refused until one of the officers in

1

the holding cell, Officer Seamen, offered to loosen it. After both of Plaintiff's hands were cuffed, Defendants Hendley and Fischer entered the holding cell. Defendant Hendley loosened Plaintiff's right handcuff but Defendant Fischer tightened the left one to intentionally cause Plaintiff pain. As Plaintiff turned slightly to inform the officers that the cuff was too tight, Fischer tackled him to the ground and put him in a headlock, effectively cutting off his ability to breathe. Defendant Hendley then re-tightened the right handcuff until it was again painfully cutting into his writs. The officer in the control room called a "code 4" request for assistance. When the other officers arrived, Defendant Hendley painfully bent Plaintiff's wrists around the cuffs and applied the rest of the full restraints. At no time did Plaintiff refuse to comply with the officers or show any type of aggression. On several occasions following the incident, Defendants Hendley and Fischer have been permitted to have close contact with Plaintiff, and verbally harassed him despite an ongoing investigation.

Plaintiff has suffered injuries to his mid- and lower-back as well as both hands and wrists, and swelling, pain, and numbness in his hands and wrists for which he has been seen by medical staff on several occasions.

Plaintiff asks the Court to order him to be transferred out of Marion C.I., and injunction to keep Defendants away from him during this action, and compensatory and punitive damages.

## II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot

prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Unnamed Individuals**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416

3

F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint refers to individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Therefore, this cause cannot proceed on any claims against individuals who are not named in the caption of the Complaint.

**(2)    Supervisory Liability**

A state official can be in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity. King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016). For personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In an official-capacity suit, however, "[m]ore is required:" the suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," id. (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); thus, the entity's "'policy or custom' must have played a part in the violation of federal law," id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Meanwhile, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his

4

inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Plaintiff names as Defendants DPS Director George T. Solomon and Marion C.I. Superintendent Hubert Corpening. Plaintiff does not allege that either of these individuals was personally involved in the incident at issue. Nor does he allege that the incident occurred due to any custom or policy of either of these Defendants, or supervisory deliberate indifference.

Therefore, the claims against Defendants Solomon and Corpening will be dismissed.

**(3)    Excessive Force**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204. However, if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." Howie v. Prince George's Cnty., 2009 WL 2426018 at *6 (D. Md. Aug. 5, 2009).

Plaintiff sufficiently alleges that Defendants Hendley and Fischer used violent force against him when he was not resisting. These allegations state a facially sufficient claim for the use of excessive force.

Therefore, the Eighth Amendment excessive force/failure to intervene claims will be permitted to proceed against Defendants **Hendley** and **Fischer**.

### IV. MOTIONS FOR DEFAULT JUDGMENT

Plaintiff has filed two Motions for Default Judgment, arguing that Defendants have failed to timely file an answer or otherwise respond to the Complaint, so judgment should be entered in

his favor. (Doc. Nos. 9, 10).

These Motions are denied as no Defendant has yet been served and the time for filing an answer or responsive pleading has not yet commenced.

V.     **CONCLUSION**

For the reasons stated herein, Plaintiff's Eighth Amendment claim survives initial screening as to Defendants Hendley and Fischer, but is insufficient to state a claim as to Defendants Solomon and Corpening. Plaintiff may attempt to cure the deficiencies identified in this Order by filing an Amended Complaint within **14 days** of this Order. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. The Amended Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). It must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of the Defendants. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). If Plaintiff fails to comply with this Order, this case will be dismissed without prejudice and closed without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Eighth Amendment claim survives initial review with regards to Defendants Hendley and Fischer.

2. The Complaint is dismissed for failure to state a claim with regards to Defendants Solomon and Corpening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff may file an Amended Complaint within **14 days** of this Order.

4. The Clerk of Court is instructed to mail Plaintiff a new § 1983 complaint form.

5. Plaintiff's Motions for Default Judgment, (Doc. Nos. 9, 10), are **DENIED**.

6. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants **Hendley** and **Fischer**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge