UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-306-FDW

| DASHAWN GERVIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| CHRISTIAN HENDLEY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 12). Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. No. 6).

**I.    BACKGROUND**

*Pro se* Plaintiff Dashawn Gervin, a North Carolina prisoner, filed this action pursuant to 42 U.S.C. § 1983. He is complaining about an incident that occurred at the Marion Correctional Institution on June 14, 2017. Plaintiff named as Defendants in the original Complaint NC DPS Director George T. Solomon, and Marion C.I. Superintendent Hubert Corpening, and Marion C.I. officers Christian Hendley and B. Fisher.

In its Order on initial review of the original Complaint, the Court found that Plaintiff failed to state a claim against Defendants Solomon and Corpening, and stated a facially sufficient Eighth Amendment claim as to Defendants Hendley and Fischer. The Court also noted that Plaintiff's references to individuals that were not named in the case caption were insufficient to state a claim against them. He was granted leave to file an Amended Complaint to attempt to cure the deficiencies. See (Doc. No. 11).

Plaintiff has now filed an Amended Complaint. He does not include any allegations against

Defendants Solomon and Corpening. He also fails to include in the caption as Defendants any of the individuals referenced in the body of the Amended Complaint. Thus any claim against these individuals have been waived. See (Id. at 11) (informing Plaintiff that "[t]he Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived.").

Liberally construing the Amended Complaint and accepting the allegations as true, Defendants Hendley and Fischer violated the Eighth Amendment on June 14, 2017, in a Marion C.I. holding cell. Defendant Hendley put a handcuff on Plaintiff that was painfully tight, cutting into Plaintiff's wrists. Officer Fischer slammed Plaintiff into a wooden bench then onto the floor as he painfully tightened the other handcuff. Officers Seamen and Connter were present and watching while this happened.

Initially, both of Plaintiff's hands were swollen, and he suffers chronic back pain and nerve damage in his left hand. He is still receiving medical treatment from medical staff at Marion C.I. including multiple medications.

Plaintiff asks the Court to order him to be transferred out of Marion C.I., and injunction to prevent retaliation for this legal action, and compensatory and punitive damages.

**II.     STANDARD OF REVIEW**

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d

726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Unnamed Individuals**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption

3

and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint refers to individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Therefore, this cause cannot proceed on any claims against individuals who are not named in the caption of the Complaint.

**(2)** **Excessive Force**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The

"core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204. However, if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." Howie v. Prince George's Cnty., 2009 WL 2426018 at *6 (D. Md. Aug. 5, 2009).

Plaintiff sufficiently alleges that Defendants Hendley and Fischer used violent force against him when he was restrained in a holding cell. These allegations state a facially sufficient claim for the use of excessive force.

Therefore, the Eighth Amendment claims will be permitted to proceed against Defendants **Hendley** and **Fischer**.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Eighth Amendment claim survives initial

5

screening as to Defendants Hendley and Fischer and service of process will be ordered.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Eighth Amendment claim survives initial review with regards to Defendants Hendley and Fischer.

2. Plaintiff's remaining allegations are dismissed.

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to direct the U.S. Marshal to effectuate service on Defendants Hendley and Fischer with the summons forms attached to the Amended Complaint.

Signed: April 4, 2018

Frank D. Whitney
Chief United States District Judge